# Exhibit A

## DECLARATION OF SECRETARY OF STATE MARCO RUBIO

I, Marco Rubio, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.    I am the Secretary of State of the United States and head of the United States Department of State, an Executive Department of the United States. *See* 22 U.S.C. § 2651. As Secretary of State, I am the President's chief foreign affairs advisor. I carry out the President's foreign policy through the State Department and the Foreign Service of the United States. *See* 22 U.S.C. § 2651a.

2.    The statements made herein are based on my personal knowledge, on information provided to me in my official capacity, reasonable inquiry, and information obtained from various records, systems, databases, State Department employees, and information portals maintained and relied upon by the United States Government in the regular course of business, and on my evaluation of this information.

3.    The purpose of this Declaration is to confirm, in my capacity as Secretary of State and head of the Department of State, that allowing the District Court's February 25, 2026, order (the "Order") to take effect while the appeal of that Order is pending before the First Circuit will cause significant and irreparable harm to U.S. foreign policy.

4.    The District Court's Order set aside the Department of Homeland Security's March 30, 2025 memorandum, titled "Guidance Regarding Third Country Removals," and Immigration and Customs Enforcement's July 9, 2025 memorandum, titled "Third Country Removals Following the Supreme Court's Order in *Department of Homeland Security v. D.V.D.*, No. 24A1153 (U.S. June 23, 2025)."

5.    Under these policies, the Department of Homeland Security ("DHS") can remove an alien to a third country without further procedures if the United States has obtained diplomatic

assurances that the aliens will not be persecuted or tortured and if the Department of State determines those assurances to be credible.

6.     The Department of State has already negotiated, and is continuing to negotiate, with third countries to obtain diplomatic assurances pursuant to these policies in arrangements accepting the removals of illegal aliens from the United States. These negotiations often take several weeks or months to conclude because negotiators must carefully consider nuanced diplomatic relations and varied policy objectives specific to each country, including issues beyond migration. If the Order is not stayed, these negotiations will be derailed and any momentum gained will be lost as our negotiators will have to pivot to explain the additional processes and time required to remove illegal aliens to third countries under the Order. Even though the Order itself would not set aside any resulting arrangements or mean that United States cannot send illegal aliens to third countries, allowing the Order to take effect will cause our foreign partners to question the legitimacy of our policies and whether the United States will follow through on its commitments. We cannot simply pause these negotiations while the First Circuit considers the appeal and if the First Circuit overturns the District Court's Order, we may never be able to get our foreign partners back to the negotiating table, even when we are now on the cusp of finalizing arrangements with certain partners to accept third-country nationals from the United States.

7.     Moreover, the State Department has already spent significant time and resources to conclude arrangements intended to meet these policies. The states that have concluded these arrangements are expecting us to work with them to remove third-country aliens from the United States and to collaborate in the fight against illegal migration. Allowing the Order to take effect will irreparably harm our relations with these states because DHS will not be able to follow through on its commitments to conduct removals without undertaking additional processes, causing

significant delays. Our foreign partners, in turn, will have to revise their plans to receive these aliens on a delayed schedule, frustrating their preparations and causing them to question our ability to meet our commitments.

8.     It is therefore critical that these policies be allowed to remain in place while the appeal of the District Court's Order is pending.

Executed this 5th day of March 2026.

Marco Rubio
Secretary of State