No. 26-1212

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

_____

D.V.D.; M.M.; E.F.D.; O.C.G.,
*Plaintiffs-Appellees*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, MARKWAYNE
MULLIN, Secretary, U.S. Department of Homeland Security (DHS);
TODD BLANCHE, Acting United States Attorney General, ANTONE
MONIZ, Superintendent of the Plymouth County Correctional Facility,
*Defendants-Appellants*.

_____

On Appeal from the United States District Court for the District of
Massachusetts

## MOTION OF THE FLORENCE IMMIGRANT & REFUGEE RIGHTS PROJECT, POLITICAL ASYLUM / IMMIGRATION REPRESENTATION (PAIR) PROJECT, AND NATIONAL IMMIGRANT JUSTICE CENTER FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF APPELLEES AND AFFIRMANCE

Daniel Bowman
Rachel A. Romaniuk
Esther G. Gold
OSBORN MALEDON, P.A.
2929 N. Central Ave., Ste. 2000
Phoenix, Arizona 85012
(602) 640-9000
dbowman@omlaw.com
rromaniuk@omlaw.com
egold@omlaw.com

*Attorneys for Amici Curiae*

## I.    INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 29(a), Amici Curiae The Florence Immigrant & Refugee Rights Project, Political Asylum/Immigration Representation (PAIR) Project, and National Immigrant Justice Center request leave to file the accompanying brief in support of Plaintiffs-Appellees and affirming the District Court's order.

The proposed amicus brief is timely submitted as the instant motion for leave is being filed on April 14, 2026, just one day after the Plaintiffs-Appellees' brief.

## II.    POSITION OF THE PARTIES

Plaintiffs-Appellees, through counsel, consent to this motion. On April 9, 2026, undersigned counsel emailed Matthew Seamon and Mary Larakers, counsel for Defendants-Appellants, for their consent to file the attached amicus brief in support of Plaintiffs-Appellees. Counsel for Amici have not heard back from counsel for Defendants-Appellants.

## III.    ARGUMENT

Proposed Amici Curiae are immigrant-serving legal services organizations that have a direct interest in ensuring that individuals are not deported without access to process and avenues to assert fear-based claims. Amici seek to file this brief to discuss the practical difficulties involved in dealing with the chaos caused by the Department of Homeland Security's ("DHS)" third-country-removal policy. Amici

1

bring a unique perspective, that of legal services organizations dedicated to representing class members, and can detail how DHS's policy of not providing notice of removal or an opportunity to be heard harms both clients and attorneys.

## IV.    STATEMENTS OF AMICI CURIAE

The Florence Immigrant & Refugee Rights Project ("The Florence Project") is a legal services organization that has been dedicated to empowering and representing detained immigrants in Arizona for over 30 years. The Florence Project has had to navigate the chaos Defendants-Appellants' third country removal policies create for both attorneys and clients. These policies have harmed The Florence Projects' attorney-client relationships with detainees and hindered its informational legal services that empower detainees who represent themselves. The Florence Project cannot effectively represent its clients or provide information to pro se noncitizens when little to no notice occurs before a third-country removal.

The Political Asylum/Immigration Representation (PAIR) Project ("PAIR") is a non-profit organization in Boston and the leading provider of pro bono legal services to indigent asylum-seekers and immigrants detained in Massachusetts. At any given time, PAIR is representing or advising several hundred asylum-seekers and immigration detainees from over 90 countries worldwide. PAIR, through staff attorneys or pro bono lawyers closely mentored by PAIR staff, regularly represents individuals before the Immigration Court, United States Citizenship and

Immigration Services (USCIS), and in federal court. PAIR specializes in providing pro bono legal services on fear-based and humanitarian immigration relief cases, and has decades of experience representing clients, in detention and otherwise, who have reinstated removal orders but would face targeted harm if removed from the United States. For this reason, PAIR has a direct interest in ensuring that individuals with fear-based claims are not removed pursuant to the March Guidance without meaningful access to process by which they can assert fear-based claims.

The National Immigrant Justice Center ("NIJC") is a non-profit corporation headquartered in Chicago, Illinois. NIJC is dedicated to ensuring human rights protections and access to justice for all immigrants, refugees, and asylum-seekers. By partnering with more than 2,600 attorneys from the nation's leading law firms, NIJC provides direct legal services to over 10,000 individuals annually. NIJC's experience in representing noncitizens in removal proceedings, and assisting other attorneys in similar representation, informs NIJC's advocacy, litigation, and educational initiatives, as it promotes human rights on a local, regional, national, and international stage. NIJC has a substantial interest in the issue now before the Court, both as an advocate for the rights of asylum seekers generally and as the leader of a network of *pro bono* attorneys who regularly represent them. In addition to asylum seekers, NIJC and its *pro bono* network regularly represent individuals granted withholding of removal or relief under the Convention Against Torture, who are

3

particularly vulnerable to third country transfers given that their relief is granted post-removal order.

## V.    CONCLUSION

For these reasons, Amici Curiae request leave to file the attached brief in support of Plaintiffs-Appellees and affirmance.

RESPECTFULLY SUBMITTED this 14th day of April, 2026.

OSBORN MALEDON, P.A.

By /s/ Rachel A. Romaniuk
Daniel Bowman, First Circuit #1223264
Rachel A. Romaniuk, First Circuit #1223188
Esther G. Gold, First Circuit #1223342
OSBORN MALEDON, P.A.
2929 N. Central Ave., Ste. 2000
Phoenix, Arizona 85012
(602) 640-9000
dbowman@omlaw.com
rromaniuk@omlaw.com
egold@omlaw.com

*Attorneys for Amici Curiae*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this brief complies with the type-volume limitation of is an amicus brief and complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 672 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).


/s/ Rachel A. Romaniuk
Rachel A. Romaniuk
OSBORN MALEDON, P.A.
Date: April 14, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ Rachel A. Romaniuk
Rachel A. Romaniuk
OSBORN MALEDON, P.A.
Date: April 14, 2026