# United States Court of Appeals

*for the*

# First Circuit

Case No. 26-1212

D.V.D.; M.M.; E.F.D.; O.C.G.,

*Plaintiff-Appellees,*

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary of Department of Homeland Security (DHS); TODD BLANCHE, Acting United States Attorney General; ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, BOSTON, IN CASE NO. 1:25-cv-10676-BEM, HONORABLE BRIAN E. MURPHY, U.S. DISTRICT JUDGE

**MOTION OF THE CENTER FOR GENDER & REFUGEE STUDIES, HUMAN RIGHTS WATCH, ASIAN AMERICANS ADVANCING JUSTICE–ATLANTA, AL OTRO LADO, AND AMICA CENTER FOR IMMIGRANT RIGHTS FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS-APPELLEES AND FOR AFFIRMANCE**

ANJALI DHILLON (*Admission Pending*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, New York 10004
(646) 357-1100
adhillon@hausfeld.com

AMANDA LEE-DASGUPTA
MARY S. VAN HOUTEN HARPER
   (*Admission Pending*)
MICHAEL D. HAUSFELD (not a member)
HAUSFELD LLP
1200 17th Street N.W., Suite 600
Washington, D.C. 20036
(202) 540-7200
alee@hausfeld.com
mvanhouten@hausfeld.com
mhausfeld@hausfeld.com

*Attorneys for Amici Curiae*
*(For Continuation of Appearances See Inside Cover)*

CP COUNSEL PRESS   (800) 4-APPEAL • (391790)

BLAINE M. BOOKEY
CENTER FOR GENDER & REFUGEE
  STUDIES
University of California College of
  Law, San Francisco
200 McAllister Street
San Francisco, California 94102
(415) 703-8202
bookbl@uclawsf.edu

MELISSA CROW
CENTER FOR GENDER & REFUGEE
  STUDIES
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, D.C. 20006
(202) 355-4471
crowmelissa@uclawsf.edu

JOANNE BUI
  (Admission Pending)
DOVEL & LUNER LLP
201 Santa Monica Boulevard,
  Suite 600
Santa Monica, California 90401
(310) 656-7066
jbui@dovel.com

*Attorneys for Amici Curiae*

## I.    INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 29(a), human rights organizations The Center for Gender & Refugee Studies, Human Rights Watch, Asian Americans Advancing Justice-Atlanta, Al Otro Lado, and Amica Center for Immigrant Rights hereby request leave to file the accompanying *Amici Curiae* brief in support of Plaintiffs-Appellees.

The proposed brief is timely submitted as the instant motion for leave is being filed on April 15, 2026, within 7 days of the filing of Plaintiffs-Appellee's brief filed on April 13, 2026.

## II.    MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES

Under the third-country removal policy set forth in the U.S. Department of Homeland Security ("DHS") memorandum of March 30, 2025,[1] DHS pursued an aggressive campaign to deport noncitizens to third countries—countries not designated in their removal orders and to which they often have no connection. No meaningful notice or opportunity to object was provided. Nor were there any genuine safeguards against foreseeable harm. DHS instead relied on boilerplate "diplomatic assurances" deemed credible by the U.S. Department of State, that noncitizens removed to a given country, generally, would not be persecuted or

---

[1] Corrected Joint Appendix ("Appx.")117.

tortured.[2]

Such assurances played no role in protecting class members here. Just over a year into DHS's policy, the record is replete with horrific experiences of class members directly removed to unfamiliar and dangerous third-countries. DHS's third-country removals followed three patterns. First, DHS removed class members to countries willing to detain, disappear, and torture them in a stated effort to terrorize migrants.[3] Second, DHS violated non-refoulement obligations by removing class members to countries that ferry them to countries where they are likely to suffer persecution or torture, or where their life or freedom is threatened.[4] Finally, DHS removed and abandoned class members in countries where they are exposed to a number of physical threats and hazardous conditions.[5]

*Amici,* the undersigned human rights organizations, have a direct interest in the correct interpretation and administration of U.S. immigration laws, especially as it pertains to international obligations to uphold human rights. The proffered brief illustrates the severe harms that class members have suffered and continue to suffer

---

[2] Appx.603

[3] *See, e.g.*, Reply in Supp. of Mot. for Clarification, 4, *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153 (U.S. June 24, 2025); *cf. South Sudan 2023 Human Rights Report*, 1, 6, U.S. Dep't of State (2023), https://www.state.gov/wpContent/uploads/2024/02/528267-SOUTH-SUDAN-2023-HUMAN-RIGHTS-REPORT.pdf; *see also* Appx.479, 485.

[4] *See, e.g.*, Appx. 360-62, 432-37, 340, 346-48.

[5] See, e.g., Appx.293, 331-32, 368-69, 381.

outside of the United States under DHS's third-country removal policy.

## III.    STATEMENT OF *AMICI CURIAE*

**The Center for Gender & Refugee Studies ("CGRS")** has a direct interest and extensive expertise in the proper development of asylum and refugee law and related humanitarian protections, including claims under the Convention Against Torture. CGRS advances the human rights of Al Otro Lado's staff and volunteers regularly refugees through litigation, scholarship, and policy recommendations. The Center also provides technical assistance to attorneys representing asylum seekers nationwide, reaching over 8,000 fear-based cases at all levels of the immigration and federal court system in the past year alone. A significant number of those cases involved individuals fearing return to a third country including to El Salvador, Eswatini and South Sudan. The questions presented in this petition for review relate directly to CGRS's core mission to ensure that asylum protections under U.S. law comport with international obligations.

**Human Rights Watch** is a non-profit, non-partisan organization established in 1978 that investigates and reports on violations of fundamental human rights in over 100 countries worldwide with the goal of securing the respect of these rights for all persons. It has regularly reported on human rights violations in countries to which the United States has removed or expelled people who are not citizens of those countries.  It has also regularly reported on human rights violations in Venezuela

and other countries where people have been returned after third-country expulsions by the United States. Human Rights Watch has filed amicus briefs before the U.S. Supreme Court, U.S. courts of appeal, and other courts.

**Asian Americans Advancing Justice-Atlanta ("Advancing Justice-Atlanta")** builds power in working-class, language minority AAPI, AMEMSA, and immigrant communities in Georgia, the U.S. Southeast, and beyond, working in broad multiracial coalitions to realize a fully reflective and inclusive democracy through immigration legal services, community organizing and education, policy advocacy, impact litigation, and civic engagement.

**Al Otro Lado** is a nonprofit legal services organization dedicated to serving indigent deportees, migrants, and refugees in the United States and Mexico. With staff and volunteers on both sides of the U.S.-Mexico border, Al Otro Lado provides direct legal representation, immigration legal services, and humanitarian assistance to individuals navigating the asylum and immigration systems—including many who have been removed or are at risk of detention and removal.

Al Otro Lado has a direct and substantial interest in the issues presented in this appeal. The organization serves individuals who are, or may become, members of the class defined in *D.V.D. v. DHS*—people subject to final orders of removal who face deportation to third countries in which they were never given an opportunity to raise claims of fear. Al Otro Lado's staff and volunteers regularly

assist clients who have been removed to countries other than their countries of origin, as well as clients in the United States who live are at risk of being transferred without notice to countries where they face persecution, torture, or death. Our Mexico team regularly conduct intakes with individuals who have been deported to Mexico. The team has been contacted by individuals who were granted withholding of removal or protection under the Convention Against Torture, only to be removed to Mexico and ultimately returned to their country of origin where they have faced persecution. We have filed successful petitions for habeas corpus on behalf of detained individuals facing third country removal. We have begun the work of drafting petitions for habeas corpus only to have individuals transported to Mexico under an unwritten policy that Mexico will accept non-Mexican citizens that the United States wants to expel. The harms at issue in this case—including chain refoulement and the absence of any meaningful process before third-country removal—are not abstract to Al Otro Lado or the communities it serves. They are a lived reality that Al Otro Lado witnesses and responds to in its day-to-day work.

Al Otro Lado's cross-border presence and practice give it a distinct vantage point on both categories of harm addressed in this brief: the fear, uncertainty, and procedural deprivations experienced by class members remaining in the United States, and the concrete dangers faced by those who have already been removed to third countries. Al Otro Lado's legal and humanitarian work at the intersection of

domestic immigration proceedings and cross-border services makes its perspective directly relevant to the Court's consideration of the real-world consequences of DHS's third-country removal policy.

**Amica Center for Immigrant Rights ("Amica Center")** is a nonprofit immigrant rights organization that provides legal services to indigent noncitizens in immigration detention in Maryland, Virginia, Pennsylvania, Georgia, Texas, Louisiana, Arizona, California, Colorado, and beyond. Amica Center conducts know-your-rights presentations and pro se workshops and provides legal advice and assistance to individuals in immigration detention. It also provides in-house direct representation, secures pro bono representation, and brings impact litigation on behalf of such noncitizens. Amica Center's work focuses on advancing the rights of noncitizens in immigration detention. It therefore has a direct interest in ensuring that noncitizens are not removed to persecution, torture, or other grave harm without sufficient process.

Amica Center has represented and provided pro se assistance to individuals whom DHS has sought to remove to newly designated third countries after those individuals had previously received final grants of withholding of removal or protection under the Convention Against Torture. The outcome of this case is therefore central to Amica Center's mission to protect the rights and dignity of immigrants facing deportation and to prevent their return to danger.

## IV.    CONCLUSION

For these reasons, *Amici Curiae* request leave to file the proffered brief in support of Plaintiffs-Appellees.

Date: <u>April 15, 2026</u>                          Respectfully submitted,

<u>/s/ Amanda Lee-DasGupta</u>
Amanda Lee-DasGupta (1223109)
Mary Sameera Van Houten Harper
(First Circuit Admission Pending)
Michael D. Hausfeld
(Not a member of the First Circuit)
Hausfeld LLP
1200 17th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 540-7200
alee@hausfeld.com
mvanhouten@hausfeld.com
mhausfeld@hausfeld.com

Anjali Dhillon
(First Circuit Admission Pending)
Hausfeld LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
(646) 357-1100
adhillon@hausfeld.com

Joanne Bui
(First Circuit Admission Pending)
Dovel & Luner LLP
201 Santa Monica Blvd #600
Santa Monica, CA 90401
(310) 656-7066
jbui@dovel.com

7

Blaine M. Bookey (1188528)
Center for Gender & Refugee Studies
University of California College of
Law, San Francisco
(415) 703-8202
bookbl@uclawsf.edu


Melissa Crow (1165021)
Center for Gender & Refugee Studies
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC  20006
(202) 355-4471
crowmelissa@uclawsf.edu

*Counsel for Amici Curiae*

8

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1340 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

Date: <u>April 15, 2026</u>                    /s/ *Amanda Lee-DasGupta*
                                                        Amanda Lee-DasGupta
                                                        *Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: <u>April 15, 2026</u>                    /s/ *Amanda Lee-DasGupta*
                                                        Amanda Lee-DasGupta
                                                        *Counsel for Amici Curiae*

9