

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
(202) 598-2648
*Washington, D.C. 20044*

---

<u>**VIA CM/ECF**</u>                                                                June 3, 2026

Anastasia Dubrovsky
Clerk of Court, U.S. Court of Appeals
for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re:    *D.V.D. v. U.S. Dep't of Homeland Security,* No. 26-1212
              Oral Argument held May 13, 2026, at 2:00 pm
              (Judges Montecalvo, Howard, and Aframe)
              **28(j) Notice of Supplemental Authority**

Dear Ms. Dubrovsky:

      Pursuant to Fed. R. App. P. 28(j), Defendants-Appellants respectfully inform the Court of the Supreme Court's recent decision in *Margolin v. Nat'l Ass'n of Immigr. Judges*, No. 25-767, 608 U.S. ----, --- S.Ct. ----, 2026 WL 1463466 (U.S. May 26, 2026) (per curiam). This case implicates an issue similar to the one decided in *Margolin*.

      In *Margolin*, the district court held that the plaintiff's challenge to a policy regulating work-related speech must proceed through the administrative review scheme established by the Civil Service Reform Act. *Id.* at *1. The Fourth Circuit vacated and remanded based on an issue the parties had not raised or briefed. *Id.* The Supreme Court summarily reversed, holding that the Fourth Circuit violated the principle of party presentation when it decided "a case different from the one [respondent] advanced." *Id.* at *2 (citation omitted). The Court also observed that it had "recently reversed the Fourth Circuit for violating this party-presentation principle" in another case, too. *Id.* (citing *Clark v. Sweeney*, 607 U.S. 7 (2025)).

This holding regarding the party representation principle supports Defendants' argument that the district court's decision with respect to the sequencing requirements of 8 U.S.C. § 1231(b) was improper. Plaintiffs-Appellees never advanced nor supported any claim that the challenged DHS Guidance violates the sequencing provision of Section 1231(b), and the parties did not brief it below. Def. Br. 66-67; Reply Br. 25-26. Therefore, the district court erred by purporting to resolve this claim that was not presented by the parties.

A copy of the *Margolin* decision is included as an attachment.


Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH E. WELCH
Counsel to the Assistant
Attorney General

MARY L. LARAKERS
Senior Litigation Counsel

/s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
(CA Bar # 309249)
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
Matthew.Seamon2@usdoj.gov

## CERTFICATES OF SERVICE AND COMPLIANCE

I hereby certify that this filing is 263 words and therefore complies with the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules.

I hereby certify that on June 3, 2026, I electronically filed the foregoing letter brief with the Clerk of the Court by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users.

*/s/ Matthew P. Seamon*
Assistant Director