**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
District Court Section
(202) 598-2648
*Washington, D.C. 20044*

**VIA CM/ECF**

September 15, 2026

Anastasia Dubrovsky
Clerk of Court, U.S. Court of Appeals
for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: *D.V.D. v. U.S. Dep't of Homeland Security,* No. 26-1212
Oral Argument on May 13, 2026
(Judges Montecalvo, Howard, and Aframe)
Response to Plaintiffs' September 1, 2026, Letter

Dear Ms. Dubrovsky:

Defendants-Appellants respectfully submit this response to Plaintiffs' Rule 28(j) letter submitted on September 1, 2026. Federal Rule of Appellate Procedure 28(j) provides for parties to advise the circuit clerk of "pertinent and significant authorities [that] come to a party's attention after the party's brief has been filed."

Plaintiffs' letter does not raise any significant new authorities and does not materially advance their position. The authorities cited are unpublished district court decisions from outside this circuit. Moreover, they are merely cumulative of similar decisions referenced in their prior briefing. *See* Pl. Br. 65.

To the extent these cases are pertinent at all, Plaintiffs' concern that aliens may be removed while their legal challenges remain pending reinforces Defendants' argument that Plaintiffs' claims are prohibited by 8 U.S.C. § 1252(g). Ltr. at 1; Def. Br. 46-50. Plaintiffs' framing demonstrates that their claims seek to interfere with the decision to execute their removal orders, and particularly with *when* those orders are executed. That is plainly prohibited by § 1252(g). Def. Br. 48-49; Pl. Br. 38 n.6

(acknowledging that multiple circuits hold that § 1252(g) bars review of attempts to limit *when* DHS may execute removal orders).

Nevertheless, Defendants agree with Plaintiffs that these cases underscore the need for prompt resolution of this appeal. Even though the *D.V.D.* class was certified under Federal Rule of Civil Procedure 23(b)(2), which does not permit class members to opt-out, and even though this Court stayed the district court's classwide judgment, district courts have permitted class members to raise the same claims in individual litigation, such as in the cases Plaintiffs cite. That pattern, with its risk of inconsistent adjudications, underscores the need for a decision in this appeal.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH E. WELCH
Counsel to the Assistant
Attorney General

/s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
(CA Bar # 309249)
Assistant Director
U.S. Department of Justice, Civil
Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
Matthew.Seamon2@usdoj.gov

MARY L. LARAKERS
Senior Litigation Counsel

**CERTFICATES OF SERVICE AND COMPLIANCE**

I hereby certify that this filing is 283 words, and therefore complies with the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules.

I hereby certify that on September 15, 2026, I electronically filed the foregoing letter brief with the Clerk of the Court by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users.

/s/ *Matthew P. Seamon*
Assistant Director