No. 26-1212

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

D.V.D.; M.M.; E.F.D.; O.C.G.,

Plaintiffs - Appellees,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, Acting United States Attorney General; and
ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility,

Defendants - Appellants.

On Appeal from the United States District Court
for the District of Massachusetts

# PLAINTIFFS-APPELLEES' EMERGENCY MOTION TO CLARIFY THE EFFECTIVNESS OF THIS COURT'S DECISION OR, IN THE ALTERNATIVE, CONFIRM THE STAY IS LIFTED OR ISSUE THE MANDATE

Matt Adams
Leila Kang
Aaron Korthuis
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104

Anwen Hughes
HUMAN RIGHTS FIRST
121 W. 36th St., PMB 520
New York, NY 10018

Trina Realmuto
Kristin Macleod-Ball
Mary Kenney
NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA 02446
trina@immigrationlitigation.org

## I. INTRODUCTION

Plaintiffs-Appellants seek an emergency order clarifying that this Court's September 18, 2026 decision is in effect as binding precedent and that this Court's March 16, 2026, stay "pending appeal" has been dissolved now that the Court has issued its decision and judgment. In the alternative, Plaintiffs-Appellants request the Court either issue an order lifting the March 16, 2026 stay or issue the mandate. Emergency action is needed because Plaintiffs-Appellants have learned that Defendants-Appellees are proceeding with removing class members to third countries in Africa, pursuant to the Department of Homeland Security (DHS) guidance which this Court found unlawful and set aside, tomorrow. In response to an email from class counsel, Defendants-Appellees' counsel confirmed in a 5:14 p.m. email today that their position is that this Court's stay remains in effect until the mandate is issued. Exhibit A. In addition, counsel for Defendants-Appellants indicated at oral argument before the Third Circuit yesterday in discussion of *D.V.D.* and third country removals that, "the First Circuit affirmed, so there's been no change in the status quo." Oral Argument audio at 32:03, *R.C.B. v. Blanche*, Nos. 25-2358, 25-2415, 25-2424 (3d Cir. Sept. 22, 2026), available at https://www2.ca3.uscourts.gov/oralarg/25-2358_25-2424_25-2415_RCB_JCAG_BanegasvAttyGenUSA.mp3. *See also* James

Percival (@DHSGenCounsel), X (Sept. 18, 2026), https://x.com/DHSGenCounsel/status/2101113373559525807 ("The third country deportation policy continues, as the First Circuit's ruling is not currently in effect.")

Class counsel has learned from multiple sources that a flight holding class members is scheduled to depart tomorrow from Alexandria, Louisianna with identified destinations as Burundi, Rwanda, and Central African Republic. Defendants-Appellants continue to argue that they may remove class members to third countries without the protections the Court found required by law pursuant to their third country removal policy and that this Court's decision is not in effect. *See, e.g.*, Ex. B, Respondents' Response to Petitioner's Amended Petition at 12 n.3, *Doe v. Moniz*, No. 1:26-cv-14088-ADB (D. Mass. Sept. 22, 2026) ("Notably, the First Circuit has not issued mandate in *D.V.D.* and the stay issued by the First Circuit of Judge Murphy's decision remains in effect. As such, it is ICE's position that until mandate issues, the Third Country Policy may be relied upon and the agency may remove Petitioner to the Central African Republic, absent the prohibition on removal in this Court's service order."); Ex. C, Gillian Brockell, *ICE Is Trying to Ignore Court's Decision Striking Down Third-Country Removals*, The American Prospect (Sept. 23, 2026) (explaining that

"a Department of Justice attorney asked a federal judge to lift a stay barring the transfer of a Peruvian man out of Massachusetts, because ICE wanted to transfer him to another facility 'to effectuate his removal to the Central African Republic on Sept. 24, 2026'"); Ex. D, Respondents' Emergency Motion to Dissolve Temporary Injunction, *XX. v. Acuna* (W.D. La. Sept. 22, 2026) (stating, on September 22, when seeking to dissolve a TRO, "Petitioner is scheduled to be removed to Rwanda on or about September 24, 2026").

## II. MOTION FOR EMERGENCY RULING

Emergency action is both appropriate and necessary because of the serious risk to the safety and welfare of class members who may be removed to third countries as early as tomorrow. This Court has recognized the appropriateness of motions for clarification when the risk to the party was much less serious. *See, e.g.*, *De Jesus-Mangual v. Rodriguez*, 383 F.3d 1, 5-6 (1st Cir. 2004) ("Furthermore, had the district court notified the parties of its concern about the meaning of the mandate, the parties could easily have sought clarification about the mandate from this court."); *United States v. Melvin*, 27 F.3d 710, 711-13 (1st Cir. 1994) (after reversing district court's opinion and remanding for further proceedings, court of appeals granted motion to reconsider based on confusion as to mandate).

The Court should clarify that the district court's decision with respect to the declarations this Court affirmed and the set aside of Defendants-Appellants Guidance, *see* September 18, 2026 Order and Judgment, Doc. Nos. 00118510897 and 00118510902, is *now* operative as to all class members nationwide. On March 5, 2026, Defendants-Appellants sought a stay pending appeal, *see* Defendants-Appellants' Emergency Motion for Stay Pending Appeal, Doc. No. 00118413580, which this Court granted without any reference to a continuing stay after issuance of its decision on the merits, *see* March 16, 2026 Order. As of September 18, 2026, Defendants' appeal is no longer pending. *See* September 18, 2026 Order and Judgment. Notably, this Court's decision became binding precedent upon issuance. *See Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 19 (1st Cir. 2007) ("GNAPs could have been expected to treat *GNAPs II* as good law, notwithstanding the ministerial fact that the mandate had not yet issued"). *Cf. Wedbush, Noble, Cooke, Inc. v. SEC*, 714 F.2d 923, 924 (9th Cir.1983) (explaining that a court of appeals decision has stare decisis effect even before the mandate issues in a case); *Cox v. Dept. of Justice*, 111 F. 4th 198, 209 (2d Cir. 2024) ("A published opinion . . . . becomes binding precedent when it is decided. The fact that a mandate has not yet issued . . . does not undermine the immediate precedential weight of our decision."); s*ee also Martin v. Singletary*, 965 F.2d 944, 945 n.1

(11th Cir. 2017) (same). Thus, the February 25, 2026 decision of the district court is no longer stayed and is *now* operative as to all class members nationwide.

In the alternative, Plaintiffs-Appellees request that this Court issue an order confirming the dissolution of the March 16, 2026 stay of the district court's decision. Both this Court and the district court have held that Defendants-Appellants' Third Country Removal Policy is unlawful. Defendants-Appellants' stay motion was based almost entirely upon their argument that they were likely to succeed on the merits of their claim, which this Court has decisively rejected. *See* Defendants-Appellants' Emergency Motion for Stay Pending Appeal, Doc. No. 00118413580 (devoting nearly 23 pages to arguments in support of their likelihood of success on the merits and less than one and half pages to "the remaining factors"). As Plaintiffs-Appellees argued at the time, those remaining factors—irreparable harm to the movant, harm to the other parties if a stay is granted, and public interest—counseled against a stay. *See* Plaintiffs-Appellees' Opposition to Defendants-Appellants' Emergency Motion for Stay Pending Appeal, Doc. No. 00118414403 at 27-29. Ending the stay would not stop Defendants-Appellants from executing removals to third countries—it would simply ensure that they conduct those removals in compliance with the statutes and regulations governing class members' right to seek withholding of removal and protection under the Convention Against Torture (CAT).

Indeed, the risk of harm to Plaintiffs-Appellees and class members based on an ongoing stay has only increased as the Department of Homeland Security has doubled down on deporting individuals to third countries under its unlawful policy that fails to provide meaningful notice or an opportunity to present fear-based claims. *See, e.g.*, Exs. B-D; *see also* September 1, 2026 Letter Pursuant to Rule 28(j) Doc. No. 00118501064 (explaining that "Defendants-Appellants are removing class members with such speed that, in many cases, even if the class member manages to file a habeas action, Defendants remove them before the habeas court can adjudicate the petition or temporary restraining order motion"); May 11, 2026 Letter Pursuant to Rule 28(j), Doc. No. 00118444375 (citing media reports addressing "Defendants' asserted diplomatic assurances, the risk of prolonged detention, and the danger of onward removal to persecution or torture"); Brief of Amici Curiae the Center for Gender & Refugee Studies et al., Doc. No. 00118434245 (describing the experiences of class members who have been removed pursuant to DHS' policy in third countries, including indefinite detention, abuse in detention including beatings, sexual assault, and inhumane conditions, and chain refoulement to countries from which the United States granted them protection); Corrected Joint Appendix, Doc. No. 00118426955 at 278-453 (providing declarations by class members, their attorneys, and their family members detailing class members' removal third countries without notice or

opportunity to contest removal, resulting in detention by foreign governments, chain refoulement, disappearance, and abuse); Emmanuel Akinwotu et al., *Deportees Recount Harrowing Journeys to Africa: Shackles, a 'Freezer,' and Blows*, N.Y. Times (Aug. 30, 2026) (describing abusive treatment by ICE officials suffered by "the first of 1,200 people expected to be sent to" Liberia over the next year). In light of Defendants-Appellants' continued adherence to their unlawful policy, maintaining the stay would result in class members continuing to be subject to these serious harms.

As another alternative, the Court can simply issue the mandate now. The appeal has been resolved by this Court's September 18, 2026 decision and judgment, and Defendants-Appellants' position that the stay remains in effect until issuance of the mandate is itself the source of the present uncertainty. Issuing the mandate would eliminate that uncertainty and make clear that the district court's judgment is no longer stayed.

Immediate issuance is particularly appropriate here because class members face removal as early as tomorrow, and the government is asserting that those removals may proceed because the mandate has not yet issued. Issuing the mandate now would therefore provide an immediate and definitive resolution of the question before the Court and prevent further irreparable harm while preserving the ordinary operation of the Court's judgment.

## III. CONCLUSION

For these reasons, Plaintiffs-Appellees respectfully request that the Court immediately clarify that its September 18, 2026 decision is in effect and that the March 16, 2026 stay dissolved upon issuance of the Court's decision and judgment. In the alternative, the Court should expressly lift the stay or immediately issue the mandate. Any of these actions would resolve the present uncertainty and make clear that Defendants-Appellants may no longer rely on the stay of the district court judgment or the vacated DHS Guidance to remove class members without the protections required by law.

Respectfully submitted,

s/ *Trina Realmuto*
Trina Realmuto
Kristin Macleod-Ball
Mary Kenney
NATIONAL IMMIGRATION
LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org

Anwen Hughes
HUMAN RIGHTS FIRST
121 W. 36th St., PMB 520
New York, NY 10018
(212) 845-5244
hughesA@humanrightsfirst.org

Matt Adams
Leila Kang
Aaron Korthuis
NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org

*Attorneys for Plaintiffs-Appellants and Class Members*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1632 words.

*s/ Trina Realmuto*
Trina Realmuto
National Immigration Litigation Alliance

## CERTIFICATE OF SERVICE

I, Trina Realmuto, hereby certify that on September 23, 2026, I caused this document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the Court's appellate CM/ECF system. Defendants-Appellants' counsel are registered CM/ECF users and will be served via the Notice of Docket Activity through this Court's CM/ECF system.

*s/ Trina Realmuto*
Trina Realmuto
National Immigration Litigation Alliance