**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**No. 26-1212**

**D.V.D.; M.M.; E.F.D.; O.C.G.,**
Plaintiffs–Appellees,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, United States Attorney General; ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility,**
Defendants–Appellants.

RECEIVED FOR FILING
IN CLERK'S OFFICE
2026 SEP 25 P 12: 51
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

**MOTION OF BRANDON MICHAEL HAYES, PRO SE, PRESIDENT OF NATURAL LAW INSTITUTE, FOR LEAVE TO FILE POST-DECISION BRIEF OF AMICUS CURIAE IN SUPPORT OF NEITHER PARTY, FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMIT OF FED. R. APP. P. 29(b)(4), AND FOR RELATED PROCEDURAL RELIEF**

Amicus curiae Brandon Michael Hayes, appearing pro se in his individual capacity as President of Natural Law Institute ("NLI"), respectfully moves pursuant to **Fed. R. App. P. 2, 27, 29(a)(3), and 29(b)(2)–(5)** for leave to file the accompanying amicus curiae brief in support of neither party following this Court's September 18, 2026 published opinion.

Because the proposed brief, of twenty-six pages, exceeds the 2,600-word limitation ordinarily applicable under **Fed. R. App. P. 29(b)(4)**, Amicus additionally requests that the Court, for good cause under **Fed. R. App. P. 2**, permit filing of the accompanying brief in its present form without requiring compression to the ordinary Rule 29(b)(4) limit.

The requested relief is warranted because the proposed brief presents a discrete analytical framework not supplied by the parties: the sequence by which classification, removal authority, protection review, destination selection, administrative discretion, causal nexus, and legal consequence must be distinguished before an additional judicial obligation is assigned.

The additional length results principally from identification of the precise statutory, regulatory, and precedential decision points already governing those subjects, including **8 U.S.C. § 1231, 8**

**C.F.R. §§ 208.16–208.18, 241.15**, and the Supreme Court's treatment of country-specific protection and destination selection in *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335 (2005), *Nasrallah v. Barr*, 590 U.S. 573 (2020), and *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021).

The proposed brief thereby permits the Court to examine whether the controversy requires creation of an additional decisional layer or instead concerns the lawful operation of decision points already supplied by Congress, regulation, and existing administrative process.

---

## I. INTEREST OF AMICUS

Brandon Michael Hayes is President of Natural Law Institute and submits the proposed brief pro se in his individual capacity as President.

NLI studies the operational structure of lawful decision-making, including the relationship among:

- classification;
- governmental authority;
- institutional role;
- administrative mechanism;
- causal nexus;
- discretion;
- consequence;
- and remedy.

The proposed brief applies that decisional structure to the removal framework presently before the Court.

Amicus does not seek party status, enlargement of the evidentiary record, or resolution of any individual immigration claim.

The interest of Amicus is jurisprudential: preserving the sequence by which governmental authority and corresponding legal duties are identified before procedure and remedy are assigned.

---

## II. THE PROPOSED BRIEF IS DESIRABLE AND RELEVANT TO THE COURT'S CONSIDERATION

Under **Fed. R. App. P. 29(a)(3)**, incorporated into the rehearing-stage procedure by **Fed. R. App. P. 29(b)(3)**, a motion for leave must state the movant's interest and explain why the proposed amicus brief is desirable and relevant to disposition of the case.

The proposed brief satisfies that standard.

The parties understandably litigate the controversy through their respective positions concerning third-country removal, statutory protections, notice, opportunity to raise fear-based claims, administrative guidance, and the legality of the procedures employed by DHS.

The proposed amicus addresses a different question:

> **At what point in the existing removal sequence does an asserted additional legal duty arise, and what governmental act supplies the authority, causal nexus, and legally cognizable consequence necessary to create it?**

That question requires separating several matters that can otherwise be collapsed:

1. classification of the individual before the sovereign;
2. existence and continued validity of the removal order;
3. statutory authority to execute removal;
4. country-specific protection already supplied by law;
5. destination-selection authority;
6. administrative discretion in execution;
7. factual risk associated with a destination;
8. legal attribution of that risk;
9. intervening conduct of a foreign sovereign; and
10. the existence of an authorized judicial remedy.

The proposed brief demonstrates that Congress and implementing regulations already assign many of these questions to separate decision points.

That structural accounting is relevant because the existence of a serious concern does not, standing alone, identify which legal mechanism governs it.

The brief accordingly assists the Court in distinguishing an asserted absence of protection from disagreement over the sufficiency or operation of protections and administrative mechanisms already established by law.

---

## III. THE PROPOSED BRIEF DOES NOT DUPLICATE THE PARTIES' ADVOCACY

The proposed brief is submitted in support of neither party.

It does not argue that every third-country removal is lawful.

It does not argue that every asserted fear is legally irrelevant.

It does not ask the Court to eliminate statutory withholding, CAT protection, administrative review, or any protection established by Congress, regulation, treaty implementation, or controlling precedent.

Instead, the brief asks the Court to preserve the classifications already embedded within those authorities.

The proposed sequence is:

**Classification → Authority → Removal Determination → Protection Review → Destination Selection → Execution → Nexus → Consequence.**

The resulting inquiry is narrower than either party's merits position:

> **before creating an additional adjudicative requirement, the law must identify what new governmental act, legal relationship, protected interest, or attributable consequence requires that additional procedure.**

That framework is independently useful even where the Court ultimately agrees with one party concerning application of a particular statute or regulation.

---

## IV. GOOD CAUSE EXISTS TO ACCEPT THE TWENTY-SIX-PAGE BRIEF IN ITS PRESENT FORM

**Fed. R. App. P. 29(b)(4)** ordinarily limits an amicus brief submitted during consideration of rehearing to 2,600 words.

The accompanying brief exceeds that ordinary limitation.

Amicus therefore requests express permission to file the twenty-six-page brief in its present form.

Good cause exists.

First, the length is attributable substantially to the governing legal architecture rather than factual repetition.

The brief separately addresses:

- **8 U.S.C. § 1231(a)** — execution of removal orders;
- **8 U.S.C. § 1231(b)(2)** — countries of removal;
- **8 U.S.C. § 1231(b)(3)** — restriction on removal to countries presenting specified threats;
- **8 C.F.R. §§ 208.16–208.18** — withholding and protection against torture;
- **8 C.F.R. § 241.15** — administrative authority concerning countries of removal;
- *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335 (2005);
- *Nasrallah v. Barr*, 590 U.S. 573 (2020);
- *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021);
- and this Court's September 18, 2026 opinion.

Second, the statutory and regulatory provisions matter because the brief's central proposition is that the Court must determine whether the existing legal system already contains the decision point being requested before constructing an additional one.

Removing those authorities merely to satisfy the ordinary amicus limit would materially weaken the very demonstration for which leave is sought.

Third, the brief uses its additional length to enumerate the decision sequence rather than to repeat party briefing.

Fourth, the matter concerns the division among removal authority, destination-specific protection, administrative discretion, foreign sovereign conduct, and judicial remedy. Those distinctions ought to be demonstrated with precision because collapsing them produces the analytical problem the brief identifies.

Fifth, acceptance imposes no corresponding obligation upon the Court to grant rehearing, alter the judgment, permit oral argument, or solicit additional briefing. The brief may be considered to whatever extent the Court finds useful.

Accordingly, Amicus respectfully requests that the Court exercise its authority under **Fed. R. App. P. 2** to suspend or enlarge the ordinary limitation imposed by **Fed. R. App. P. 29(b)(4)** for this filing and accept the proposed twenty-six-page brief in its present form.

---

## V. THE POST-DECISION POSTURE WARRANTS ACCEPTANCE OR, ALTERNATIVELY, PRESERVATION OF THE BRIEF FOR ANY REHEARING PROCEEDING

This Court issued its published opinion on September 18, 2026.

Amicus transmitted the proposed submission on September 22, 2026, four days after issuance of the opinion.

Rule 29(b) governs amicus filings during a court's consideration of whether to grant panel rehearing or rehearing en banc.

To the extent the Court regards Rule 29(b) as presently operative, Amicus requests leave under that Rule.

To the extent the Court determines that a petition for rehearing or other post-decision filing must first place the matter within Rule 29(b), Amicus alternatively requests that the Court:

- accept the proposed brief as a post-decision amicus submission;
- retain it for consideration in connection with any rehearing proceeding in which consideration becomes appropriate;
- or construe this motion under **Fed. R. App. P. 2 and 27** as requesting such procedural treatment as permits the Court to consider the submission without requiring duplicative refiling.

This alternative request is intended to preserve the September 22, 2026 submission date while leaving the Court full control over when, and in what procedural posture, the brief may be considered.

---

## VI. ACTUAL NOTICE AND SERVICE WERE PROVIDED TO COUNSEL ON SEPTEMBER 22, 2026

Amicus transmitted the motion, proposed amicus brief, disclosure materials, and accompanying filing materials by electronic mail to counsel of record on September 22, 2026.

No response or assent from counsel is relied upon as a prerequisite to this motion.

Rule 29(b)(2) independently requires leave of Court for a nongovernmental amicus filing during rehearing consideration.

To the extent **Fed. R. App. P. 25(c)(2)(B)** requires written consent before service by electronic means outside the Court's electronic-filing system, Amicus respectfully requests, pursuant to **Fed. R. App. P. 2**, that the Court deem the actual September 22, 2026 electronic transmission sufficient for purposes of this submission.

Alternatively, Amicus requests that any supplemental service the Court considers necessary be permitted without altering the September 22, 2026 filing or submission date.

The relevant parties and their counsel have therefore received contemporaneous actual notice of the submission, while the Court retains authority to prescribe any additional ministerial service necessary for docket compliance.

---

## VII. RELIEF REQUESTED

WHEREFORE, Amicus curiae Brandon Michael Hayes respectfully requests that this Court:

1. **Grant leave to participate as amicus curiae**, pro se, in his individual capacity as President of Natural Law Institute;
2. **Accept the accompanying amicus curiae brief in support of neither party**;
3. **Permit filing of the proposed twenty-six-page brief in its present form notwithstanding the 2,600-word limitation of Fed. R. App. P. 29(b)(4)**;
4. **Suspend the ordinary Rule 29(b)(4) limitation pursuant to Fed. R. App. P. 2 for good cause**;
5. **Accept the September 22, 2026 submission as timely for the post-decision posture presented**, or alternatively preserve the submission for consideration in connection with any panel-rehearing, rehearing-en-banc, or other post-decision proceeding in which the Court determines consideration is procedurally proper;
6. **Deem the September 22, 2026 electronic transmission to counsel sufficient service**, or alternatively permit any additional method of service required by the Court without disturbing the filing date;
7. **Accept the accompanying Corporate Disclosure Statement and Statement Regarding Authorship, Funding, and Position of Amicus**;
8. **Permit the Court to consider the brief to whatever extent it finds the structural framework useful to disposition or rehearing consideration**; and
9. **Grant such further procedural relief as is necessary to place the proposed amicus submission properly before the Court without requiring duplicative refiling.**

Respectfully submitted,

BMH

**Brandon Michael Hayes, Pro Se**
President, Natural Law Institute
159 Indian Hill Street
West Newbury, Massachusetts 01985
(617) 438-2049
brandon@hayeshaus.com

**Dated: September 22, 2026**

## CERTIFICATE OF SERVICE AND ELECTRONIC TRANSMISSION

I, Brandon Michael Hayes, certify that on **September 22, 2026**, I transmitted by electronic mail true and correct copies of the following materials to counsel of record for Plaintiffs–Appellees and Defendants–Appellants using the electronic addresses reflected in the appellate docket and counsel's filings in this matter:

1. Motion for Leave to File Post-Decision Brief of Amicus Curiae;
2. Proposed Brief of Amicus Curiae Brandon Michael Hayes, President of Natural Law Institute, in Support of Neither Party;
3. Corporate Disclosure Statement;
4. Statement Regarding Authorship, Funding, and Position of Amicus; and
5. all accompanying filing materials transmitted with the foregoing submission.

The electronic transmission was completed on September 22, 2026.

Counsel of record includes **Sarah E. Welch and counsel appearing for Defendants–Appellants**, and **Trina A. Realmuto and counsel appearing for Plaintiffs–Appellees**, as reflected on the docket and in this Court's September 18, 2026 opinion.

To the extent written consent is required for electronic service outside CM/ECF under Fed. R. App. P. 25(c)(2)(B), the accompanying motion requests that the Court deem this actual electronic transmission sufficient under Fed. R. App. P. 2 or permit supplemental service without disturbing the September 22, 2026 submission date.

I certify under penalty of perjury that the foregoing is true and correct.

Executed September 22, 2026.

Brandon Michael Hayes, Pro Se
President, Natural Law Institute

Suite 2500

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

Retail

US POSTAGE PAID

$18.05

Origin: 01922
09/23/26
2410540922-12

PRIORITY MAIL®

1 Lb 15.40 Oz

RDC 03

EXPECTED DELIVERY DAY: 09/25/26

C079

SHIP TO:
1 COURTHOUSE WAY
BOSTON MA 02210-3002

USPS SIGNATURE® TRACKING #

9510 8114 0402 6266 0681 26

FROM: Brandon Hayes
159 Indian Hill St.
West Newbury, MA 01985

TO: Clerks office
US District Court
District of MA
John Joseph Moakley Courthouse
1 Courthouse Way Suite 2300
BOSTON MA 02210

FLAT RATE ONE RATE

TRACK

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH
how2recycle.info