RECEIVED FOR FILING
IN CLERK'S OFFICE
2026 OCT 13 P 3:04
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**No. 26-1212**

**D.V.D., et al.,**
Plaintiffs–Appellees,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,**
Defendants–Appellants.

**NOTICE OF COMPLETE RESUBMISSION OF MOTION FOR CLARIFICATION AND CERTIFICATE OF SERVICE**

Movant Brandon Michael Hayes respectfully submits this cover notice with a complete copy of his **Motion for Clarification of Order Denying Motion for Leave to File Brief of Amicus Curiae**.

The Court docketed the Motion on October 7, 2026, as Document No. **00118519980**, Entry ID **6850302**, and subsequently noted that a certificate of service was not included.

The copy received by the Court did not contain the final page of the Motion, which includes the Certificate of Service.

Movant apologizes for the omission reflected in the copy received by the Court.

The enclosed document is the **same Motion previously submitted, retransmitted in complete form with its final page and Certificate of Service included. No substantive alteration has been made to the Motion.**

Service upon counsel of record had already been completed by electronic mail on **September 30, 2026, at approximately 6:36 a.m. Eastern Time**, as reflected in the Certificate of Service and the contemporaneous transmission to counsel.

Movant respectfully requests that the Clerk associate this complete copy with the previously docketed Motion and treat the enclosed Certificate of Service as supplying the page omitted from the copy received by the Court.

Respectfully submitted,

**Brandon Michael Hayes**
Pro Se

Dated: October 8, 2026

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

RECEIVED FOR FILING
IN CLERK'S OFFICE
2026 OCT 13 P 3:04
US COURT OF APPEALS

**No. 26-1212**

**D.V.D., et al.,**
Plaintiffs–Appellees,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,**
Defendants–Appellants.

---

## MOTION FOR CLARIFICATION OF ORDER DENYING MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE

Movant Brandon Michael Hayes respectfully requests clarification of the Court's September 28, 2026 Order denying leave to file a brief of amicus curiae in support of neither party.

This motion requests clarification regarding the application of that discretion to the submission presented.

The Court possesses discretion to determine whether amicus participation will assist resolution of the matter. The meaningful exercise of that discretion requires identification of the considerations supporting its application, particularly where the submission before the Court was specifically structured as a neutral decisional framework rather than an additional party position.

---

## I. THE ORDER DOES NOT IDENTIFY THE BASIS UPON WHICH DISCRETION WAS EXERCISED

The Court's September 28, 2026 Order states:

> **"Movant Brandon Michael Hayes' motion for leave to file an amicus curiae brief in support of neither party is denied."**

The Order provides no identified basis for denial.

It does not indicate whether denial resulted from:

- procedural posture;
- timing;
- failure to satisfy amicus requirements;
- duplication of party advocacy;
- lack of relevance;
- excess length;
- the nature of the submission;
- or another judicial consideration.

Without such clarification, the movant cannot determine whether the submission failed because of a correctable deficiency, because of a misunderstanding of its purpose, or because the Court determined that this category of neutral analytical submission is not appropriate for amicus participation.

Clarification is therefore requested.

---

## II. THE SUBMISSION BEFORE THE COURT WAS NOT AN ADVOCACY FILING BUT A DECISIONAL FRAMEWORK

The proposed amicus brief was not presented as a third party argument seeking adoption of a preferred outcome.

It did not ask the Court to:

- accept a factual assertion outside the record;
- resolve disputed facts;
- replace party briefing;
- or adopt the position of either litigant.

The submission was designed to perform the traditional assisting function of an amicus by providing analytical structure.

The submission identifies sequential decision points through which legal disputes may be evaluated:

- classification;
- authority;
- institutional function;
- mechanism;
- causal nexus;
- consequence;

- and remedy.

The purpose of that structure is to maintain legal analysis within the authority actually being exercised and the consequence actually produced.

This is an operational decision framework.

---

## III. THE SUBMISSION'S FUNCTION IS TO AID LAWBOUND DECISION-MAKING

The amicus submissions presented by Movant across matters have consistently operated according to the same function:

**to identify the sequence of lawful decision-making necessary before a court or agency assigns consequence.**

The submissions reduce uncertainty.

They identify:

- what authority exists;
- what object is being regulated;
- what mechanism produces the asserted consequence;
- where legal responsibility attaches;
- and what remedy corresponds to the legally identified problem.

The resulting documents are structured analytical instruments intended to assist adjudication by ensuring that legal conclusions remain connected to their operative premises.

The submissions' function is to provide a mechanism through which decision-making may remain legally tethered.

---

## IV. ADDITIONAL CONTEXT REGARDING THE MATTER'S ACTIVE LEGAL DEVELOPMENT

The continuing development of this matter further demonstrates the purpose of the submitted framework.

Following this Court's consideration of the appeal, the Supreme Court entered an order permitting the challenged government action to continue while further judicial proceedings remain pending.

That procedural development does not resolve the underlying merits questions. It does, however, demonstrate that the dispute remains centered upon the relationship among:

- governmental authority;
- administrative mechanism;
- statutory protection;
- judicial review;
- and resulting consequence.

Those are precisely the categories the proposed amicus framework was designed to separate.

The submission therefore was not directed toward a fixed outcome or a party position. It was directed toward maintaining decisional clarity while the legal posture of the matter continued to develop.

---

## V. DISCRETION MUST BE APPLIED TO THE ACTUAL CHARACTER OF THE SUBMISSION BEFORE THE COURT

Amicus participation necessarily involves judicial discretion.

That discretion is appropriate because courts must determine whether a particular submission will assist resolution of the matter before them.

But meaningful discretion requires identification of the relevant characteristics of the submission being evaluated.

A neutral decisional framework is materially different from:

- duplicative party advocacy;
- ideological commentary;
- factual supplementation;
- or an attempt to introduce issues outside the case.

Where the submission is denied, the basis of denial must correspond to the actual reason that the submission was deemed unsuitable.

A denial based on assumptions applicable to ordinary advocacy does not necessarily address a submission whose stated and operative purpose is different.

Accordingly, Movant respectfully requests clarification regarding what feature of this particular submission rendered it inappropriate for consideration as an amicus filing.

The requested clarification is directed toward identifying the operative consideration applied by the Court, not toward requesting reconsideration of the Court's discretionary authority.

---

## VI. THE REQUEST FOR CLARIFICATION IS NECESSARY FOR CONSISTENT AMICUS PRACTICE

The submission before this Court follows a repeated structure developed through multiple amicus filings.

Those submissions have been docketed, reviewed, considered, accepted for consideration in some matters, and denied in others. This matter further demonstrates the importance of identifying the operative reason for acceptance or denial because the legal questions presented remain active while further proceedings continue and the governing posture may change during review.

The Supreme Court's recent intervention in this matter further illustrates the importance of maintaining a clear distinction between:

- the existence of governmental authority;
- the operation of that authority during pending litigation;
- the legal standards governing review;
- and the ultimate resolution of the underlying dispute.

A neutral decisional framework addresses that distinction directly. It does not require adoption of a particular result. It assists the decision-maker in identifying the legal sequence through which the result must be reached.

The purpose of seeking clarification is not to dispute that courts may reach different conclusions.

Different cases may present different reasons for accepting or declining amicus participation.

The purpose is to identify those reasons.

Without a stated basis, the movant cannot determine whether:

- the submission requires modification;
- the Court considers neutral decisional frameworks outside the appropriate scope of amicus practice;

- the procedural posture prevents consideration;
- or another case-specific reason controls.

A clarified basis permits future filings to conform to the Court's actual requirements.

---

## VII. REQUEST FOR CLARIFICATION

Movant respectfully requests clarification of the September 28, 2026 Order as follows:

1. Whether denial was based upon a procedural deficiency;
2. Whether denial was based upon the content, structure, or subject matter of the proposed amicus brief;
3. Whether denial was based upon a determination that the proposed neutral decisional framework would not assist the Court in resolving the matter;
4. Whether the Court determined that the proposed submission was duplicative of party briefing or otherwise outside the proper role of an amicus;
5. Whether the denial reflects a determination concerning this specific submission or a broader determination concerning neutral analytical amicus submissions generally.

---

## CONCLUSION

Movant recognizes the Court's authority to determine whether amicus participation is appropriate.

The requested clarification concerns only the basis upon which that discretion was applied.

The proposed submission was presented as a neutral operational framework designed to assist lawful decision-making by identifying the sequence through which authority, mechanism, consequence, remedy, and subsequent judicial review relate.

Where such a submission is denied, clarification of the judicial reason permits the movant, and future courts, to understand what characteristic controlled the determination.

Respectfully submitted,

Brandon Michael Hayes
Pro Se

Dated: September 28, 2026

---

## CERTIFICATE OF SERVICE

I, Brandon Michael Hayes, certify that on **September 30, 2026**, I transmitted a true and correct copy of the foregoing **Motion for Clarification of Order Denying Motion for Leave to File Brief of Amicus Curiae** by electronic mail to counsel of record for Plaintiffs–Appellees and Defendants–Appellants in this matter.

Executed September 30, 2026.

Respectfully submitted,

**Brandon Michael Hayes**
Pro Se

Suite 2500

Case: 26-1212 Document: 00118522540 Page: 10 Date Filed: 10/13/2026 Entry ID: 6851662

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID

$19.05

Origin: 01922
10/08/26
2410540922-4

PRIORITY MAIL®

0 Lb 13.80 Oz

RDC 03

EXPECTED DELIVERY DAY: 10/10/26

C079

SHIP TO:

STE 2300
1 COURTHOUSE WAY
BOSTON MA 02210-3004

USPS SIGNATURE® TRACKING #

9510 8114 0401 6281 2704 44

- Expected delive
- Domestic shipm
- USPS Tracking®
- Limited internati
- When used inter

l destinations.

*Insurance does not cc
Domestic Mail Manual
** See International Ma

overage.

Package Pickup,
QR code.

M/PICKUP

FLAT RA

ONE RATE ■ AN

TRACKE

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH

how2recycle.info

FROM:

Brandon Hayes
159 Indian Hill St
West Newbury MA 01985

TO:

Clerk of Court
US District Court
District of MA
John Jose Moakley Courthouse
1 Courthouse Way, Suite 2300
BOSTON MA 02210

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

This package is made from post-consumer waste. Please recycle - again.